**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ROBERTO CARLOS DE LOS SANTOS,**                                    **PETITIONER**
**# 10645-062**

**VERSUS**                                        **CIVIL ACTION NO. 5:16cv111-DCB-MTP**

**ATTORNEY GENERAL LORETTA
LYNCH, DIRECTOR CHARLES E.
SAMUELS, JR., and WARDEN DAVE
BERKEBILE**                                                    **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court, *sua sponte*, for consideration of dismissal.  *Pro se*

Petitioner Roberto Carlos De Los Santos is incarcerated with the Bureau of Prisons ("BOP") at

the Adams County Correctional Center in Natchez, Mississippi.  He brings this Petition for Writ

of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the length and execution of his

sentence.  The Court has considered and liberally construed the pleadings.  As set forth below,

the Court holds that this case should be dismissed.

**BACKGROUND**

On November 28, 2016, Petitioner filed the instant action.  He alleges that he was

convicted of possession with intent to distribute, by the United States District Court for the

Northern District of Georgia, and was sentenced on September 20, 2011.  He contends that

because he is an alien, the Bureau of Prisons is denying him the ability to serve the remainder of

his sentence on Home Detention.  According to Petitioner, he otherwise would have been

eligible to serve his sentence on Home Detention, beginning November 13, 2016.  He also

claims that the BOP's differential treatment should have warranted a downward departure from

the sentencing court at the outset.  Petitioner admits that he has an immigration detainer and

should be deported.    Petitioner brings this action under § 2241 and asks this Court for an

"immediate order of deportation, and [to] grant a release that comports with the intentions of the

Sentencing Commission and the statutory objectives of sentencing," and "to **_Grant_** [him his]

downward home [sic] eligibility so [he] can go back to his country of origin." (Resp. [6] at 2);

(Pet. at 6).  Petitioner thus appears to be attacking both the imposition of his sentence by the

Northern District of Georgia, as well as the execution of his sentence by the BOP.

## DISCUSSION

Petitioner proceeds under § 2241 and contends he is eligible for Home Detention and a

downward departure.  A petitioner may attack the manner in which his sentence is being

executed in the district court with jurisdiction over his custodian, pursuant to § 2241.  *United*

*States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  By contrast, a motion filed pursuant to 28

U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence."  *Pack v.*

*Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  The proper vehicle for challenging errors that

"occurred at or prior to sentencing" is a motion pursuant to § 2255.  *Cox v. Warden*, 911 F.2d

1111, 1113 (5th Cir. 1990).

HOME DETENTION

Petitioner's claim that the BOP is denying him Home Detention challenges the execution

of his sentence and is properly before this Court on the § 2241 Petition.  *Gallegos-Hernandez v.*

*United States*, 688 F.3d 190, 194 (5th Cir. 2012) (citing *Cervante v. United States*, 402 F. App'x

886, 886 (5th Cir. Nov. 18, 2010)).  Petitioner argues that the BOP is denying him equal

protection, because it is refusing him permission to serve the last part of his sentence on Home

Detention.  This decision, he claims, is based on his status as an alien.  He admits that he is deportable, for which he has a detainer placed on him by Immigration and Customs Enforcement.

The Fifth Circuit Court of Appeals previously examined an equal protection claim by a federal prisoner, who claimed that he was denied participation in early release programs and community-based confinement because he was an alien.  *Gallegos-Hernandez*, 688 F.3d at 193.  The Fifth Circuit held that "alien prisoners with ICE detainers, such as Gallegos, cannot show that exclusion from rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens."  *Id.* at 195.  This is because the BOP distinguishes between those with ICE detainers and those without.  *Id.* at 196.  Additionally, some citizen prisoners are likewise excluded from participation in early release and community-based programs.  *Id.*  Not only was it impossible for Gallegos to demonstrate differential treatment based on alienage, the BOP's treatment of prisoners with ICE detainers survived rational basis scrutiny.  *Id.*  The court held that "the determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs."  *Id.*  Therefore, the court affirmed dismissal of the equal protection claim.  *Id.*

*Gallegos-Hernandez* dictates the same result here.  Petitioner, too, is a deportable alien, with an immigration detainer, who claims his status as alien is alone preventing him from participation in early release programs, including community-based detention.  As a matter of law, he cannot show differential treatment based on alienage nor can he show that the BOP's

policy of distinguishing between prisoners with and without ICE detainers is irrationally related to the legitimate interest of preventing detainees from fleeing community-based confinement. The latter is especially true here, given the fact that Petitioner asks to serve home detention in a foreign country.  Petitioner's equal protection claim based on the denial of Home Detention fails as a matter of law.

DOWNWARD DEPARTURE

On the other hand, Petitioner's claim that he was improperly sentenced without a downward departure does not challenge the execution of his federal sentence but instead attacks the validity of his sentence.  Since this alleged constitutional violation occurred at sentencing, it is not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id.* at 901.

Petitioner does not address the savings clause.  He does not argue that he was convicted of a nonexistent offense nor does he point to any Eleventh Circuit precedent that shows that his

4

downward departure claim was foreclosed at the time when it should have been raised at trial, on appeal, or in a § 2255 petition.

Since Petitioner's claim for a downward departure does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with the claim under § 2241.  Even if the Petition were construed as a § 2255 motion, the claim would still be dismissed for lack of jurisdiction, because Petitioner was not sentenced in this Court.  *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed.  The claim regarding denial of Home Detention is dismissed with prejudice.  The claim for downward departure is dismissed without prejudice for lack of subject matter jurisdiction.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 24th day of February  , 2017.

 s/David Bramlette                           
UNITED STATES DISTRICT JUDGE